```
            FILED
  CLERK, U.S. DISTRICT COURT

        2/5/2025

 CENTRAL DISTRICT OF CALIFORNIA
 BY: _____jb_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>GEORGE DANIEL FALCON,<br><br>          Defendant. | CR No. **5:25-cr-00029-KK**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Interference with Commerce by Robbery and Attempted Interference with Commerce by Robbery; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

On or about October 15, 2024, in Riverside County, within the Central District of California, defendant GEORGE DANIEL FALCON obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant FALCON unlawfully took and obtained property consisting of approximately $450 belonging to Advance America Cash Advance store located at 300 South Highland Springs #6D, Banning, California 92220, a national payday loan

company, that operated in interstate commerce, from the person and in the presence of a store employee, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.

COUNT TWO

[18 U.S.C. § 1951(a)]

On or about October 18, 2024, in Riverside County, within the Central District of California, defendant GEORGE DANIEL FALCON obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant FALCON unlawfully took and obtained property consisting of approximately $3,265.57 belonging to a Check Into Cash store located at 2983 West Florida Avenue, Hemet, California 92545, a national payday loan company that operated in interstate commerce, from the person and in the presence of a store employee, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.

COUNT THREE

[18 U.S.C. § 1951(a)]

On or about October 24, 2024, in San Bernardino County, within the Central District of California, defendant GEORGE DANIEL FALCON obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant FALCON unlawfully took and obtained property consisting of approximately $2,901 belonging to Check Into Cash store located at 16855 Valley Boulevard, Fontana, California 92335, a national payday loan company that operated in interstate commerce, from the person and in the presence of a store employee, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.

COUNT FOUR

[18 U.S.C. § 1951(a)]

On or about October 30, 2024, in Los Angeles County, within the Central District of California, defendant GEORGE DANIEL FALCON attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant FALCON attempted to unlawfully take property belonging to Check Into Cash located at 517 North Azusa Avenue, Covina, California 91722, a national payday loan company, that operated in interstate commerce, in the presence of a store employee, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.

FORFEITURE ALLEGATION

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

    b. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

//
//

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

JOSEPH T. MCNALLY  
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON  
Assistant United States Attorney  
Chief, Criminal Division

SEAN D. PETERSON  
Assistant United States Attorney  
Chief, Riverside Branch Office

COURTNEY N. WILLIAMS  
Assistant United States Attorney  
Riverside Branch Office

MILES J. ROBINSON  
Assistant United States Attorney  
Riverside Branch Office